IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RANDALL FOLTYNIEWICZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-24-331-RAW |
| | ) |
| **THE CITY OF TAHLEQUAH,** | ) |
| **RYAN YOUNG,** | ) |
| **RAY HAMMONS,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

    Plaintiff Randall Foltyniewicz ("Plaintiff") filed a *pro se* complaint with the court on September 13, 2024. [Doc. 2]. During the past two months, he supplemented his complaint on many occasions without leave of court. [Docs. 10, 13, 19, 41, 80, 85]. In addition, Plaintiff filed approximately 70 other documents with the court, including numerous motions and amendments to those motions, letters, a supplemental brief, and a memorandum of law.* Plaintiff also made vulgar and highly inappropriate comments within emails to court staff. *See attached*.

    Rule 8 of the Federal Rules of Civil Procedure requires that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Rule 8(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (internal quotations and citations omitted). Although *pro se* pleadings are held to a less stringent standard than ones drafted by lawyers, a *pro se* litigant must "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby*

---

    \*    The court will not impose filing restrictions at this time.

*Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

Plaintiff's complaint fails to satisfy the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. In short, Plaintiff has failed to show he is entitled to relief. He attaches copies of two tickets notifying him that he was in violation of Tahlequah City Code(s). [Doc. 2 at 14]. A box was checked on both tickets showing "[g]rass and/or weeds in excess of twelve inches (12") in height." *Id*. Handwriting at the top of one ticket shows "Urgent!! Please call, we will be mowing your yard and placing a lein [sic] on you [sic] property soon!" *Id*. Plaintiff now complains that he was humiliated and that his property was destroyed. Plaintiff is requesting 13 million dollars "to cover both the psychological damages inflicted as well as punitive," and four million dollars "to cover the cost of the property in question as well as punitive." *Id*. at 13.

The court may *sua sponte* dismiss a complaint "when it is patently obvious that the plaintiff could not prevail on the facts alleged and allowing [him] an opportunity to amend [his] complaint would be futile." *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014); *see also Phillips v. Pub. Serv. Co. of N. M.*, 58 Fed.Appx. 407, 409 (10th Cir. 2003) ("Dismissals under Rule 12(b)(6) typically follow a motion to dismiss, which gives the plaintiff notice and an opportunity to amend his complaint. Nevertheless, in this circuit, *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

The court finds that the allegations listed in the complaint [Doc. 2] do not create a claim upon which this lawsuit can proceed. It is patently obvious that the Plaintiff could not prevail on the facts alleged and allowing an opportunity to amend the complaint would be futile.

This complaint [Doc. 2] is DISMISSED without prejudice. Plaintiff's motions are DENIED as moot.

It is so ordered this 13th day of November, 2024.

_____
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA